UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JASON WALTON,<br><br>    Plaintiff,<br><br>v.<br><br>C. OVERAA & CO.,<br><br>    Defendant. | Case No. 24-cv-03658-LB<br><br>**ORDER COMPELLING INDIVIDUAL ARBITRATION AND GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: ECF No. 12 |

**INTRODUCTION**

In this putative wage-and-hours class action filed in state court and removed to federal court, the plaintiff sued his former employer C. Overaa & Co., asserting state-law wage-and-hours claims, including a failure to pay minimum and overtime wages and provide rest and meal breaks. He also asserts a derivative unfair-competition (UCL) claim and a claim under the Private Attorneys General Act (PAGA).[1] The parties are subject to a collective-bargaining agreement (CBA), which requires individual arbitration of the wage-and-hours claims and precludes PAGA claims under a carve-out in the California Labor Code for employees in the construction industry. Cal. Lab. Code § 2699.6. Overaa thus moved to compel arbitration and for judgment on the PAGA

---

[1] First Am. Compl. (FAC), Ex. J to Notice of Removal – ECF No. 1-1 at 56–74. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 24-cv-03658-LB

claim.[2] The plaintiff did not oppose the motion to arbitrate overall but asserts that a different CBA applies that does not preclude PAGA claims.[3] The operative CBA requires arbitration and precludes the PAGA claim.

**STATEMENT**

The plaintiff is a union member and was dispatched from the union to work for Overaa in 2001.[4] He later worked for Overaa as an hourly paid, non-exempt employee from 2021 to 2023 as a construction worker in Union City. He alleges generally that he and other non-exempt employees were not fully compensated for the hours they worked due to Overaa's "timekeeping and/or payroll policies." Overaa required the plaintiff and other non-exempt employees to (1) "work more than eight hours in a workday or 40 hours in a workweek," (2) "perform work before their scheduled shifts, after their scheduled shifts, and/or during off-the-clock meal breaks," and (3) "use their own tools and PPE" without reimbursement for the expense. Additionally, Overaa prevented the plaintiff and other non-exempt employees from taking rest and meal breaks. Overaa "maintained inaccurate payroll records and issued inaccurate wage statements." Overaa failed to pay the plaintiff and other non-exempt employees "all minimum and overtime wages, sick leave wages, and meal rest period premium wages."[5] The plaintiff's first amended complaint (FAC) has nine claims. The first seven claims are California Labor Code wage-and-hour claims. The eighth claim is a derivative claim under California's Unfair Competition Law (UCL) based on the wage-and-hours claims. The ninth claim is a PAGA claim.[6]

---

[2] Mot. – ECF No. 12 at 1–2.

[3] Opp'n – ECF No. 14 at 2.

[4] Jackson Decl. – ECF No. 12-2 at 2 (¶ 4). It is undisputed that the plaintiff is a union member. Union Membership Card, Ex. A to Walton Decl. – ECF No. 14-1 at 5.

[5] FAC, Ex. J to Notice of Removal – ECF No. 1-1 at 59–61 (¶¶ 10–13, 15–16).

[6] *Id.* at 64–72 (¶¶ 25–62).

ORDER – No. 24-cv-03658-LB                2

Overaa removed the case to federal court based on federal-question jurisdiction under 28 U.S.C. § 1331.[7] The parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c)(1).[8] The court held a hearing on October 10, 2024.

## ANALYSIS

### 1. Rule 12(b)–(c)

"[T]he same standard of review applicable to a Rule 12(b) motion applies to its 12(c) analog" because the motions are "functionally identical." *Dworkin v. Hustler Mag., Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). "After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). Like Rule 12(b) motions, a Rule 12(c) motion may be predicated on either (1) a lack of a cognizable theory or (2) insufficient facts to support a cognizable legal claim. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When considering a motion to dismiss under Rule 12(b)–(c), the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009); *see also Daniels-Hall v. Nat. Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). "A judgment on the pleadings is appropriate when, even if all allegations in the complaint are true, the moving party is entitled to judgment as a matter of law." *Wetlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993).

### 2. Federal Arbitration Act

"The Federal Arbitration Act (FAA) requires courts to 'place arbitration agreements on an equal footing with other contracts, and enforce them according to their terms.'" *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1259 (9th Cir. 2017) (quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011)). "Section 2 of the FAA makes agreements to arbitrate 'valid, irrevocable, and enforceable, save upon grounds as exist at law or in equity for the revocation of

---

[7] Notice of Removal – ECF No. 1 at 3–4.

[8] Consents – ECF Nos. 9, 11.

any contract.'" *Id.* (citing 9 U.S.C. § 2). "By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that the district court *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (citing 9 U.S.C. §§ 3–4). "The court's role under the Act is therefore limited to determining (1) whether a valid agreement to arbitrate exists, and if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (citing 9 U.S.C. § 4). "If the response is affirmative on both counts, then the Act requires the court to enforce the arbitration agreement in accordance with its terms." *Id.*

The FAA provides arbitration agreements are unenforceable "upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "[G]enerally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening" federal law. *Doctor's Assoc., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996). The court determines whether the putative arbitration agreement is enforceable under the laws of the state where the contract was formed. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995); *Ingle v. Circuit City Stores*, 328 F.3d 1165, 1170 (9th Cir. 2003).

CBAs can require arbitration under the FAA. *See 14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 257 (2009) ("As in any contractual negotiation, a union may agree to the inclusion of an arbitration provision in a [CBA] in return for other concessions from the employer. Courts generally may not interfere in this bargained-for exchange")[9]

### 3. Private Attorney Generals Act

"PAGA was enacted in 2003 to improve enforcement of Labor Code violations." *Khan v. Dunn-Edwards Corp.*, 19 Cal. App. 5th 804, 808 (2018). "Under PAGA, an 'aggrieved employee' may file a representative action . . . to recover civil penalties for violations of the Labor Code that

---

[9] Overaa asserted — and the plaintiff agreed — that the FAA applies to the instant action. Mot. – ECF No. 12 at 13; Opp'n – ECF No. 14 at 5.

otherwise would be assessed and collected by" the Labor and Workforce Development Agency (LDWA). *Id.* But as a condition of bringing a PAGA claim, "a plaintiff must comply with administrative procedures outlined in section 2699.3, requiring notice to the [LDWA] and allowing the employer an opportunity to cure unspecified violations not listed in section 2699.5." *Id.* at 808–09; *see* Cal. Labor Code § 2699.3. A plaintiff must provide notice to the employer and LWDA of the "specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violation." *Id.* at 809 (2018) (cleaned up).

While "[t]he right to file a PAGA action generally cannot be waived by contract," "the Labor Code exempts construction workers from PAGA if a CBA covers wages, hours and working conditions and (1) has a grievance and arbitration procedure to redress Labor Code violations; (2) clearly waives PAGA; and (3) authorizes the arbitrator to award all remedies available under the Labor Code." *Oswald v. Murray Plumbing & Heating Corp.*, 82 Cal. App. 5th 938, 941 (2022) (citing Cal. Lab. Code § 2699.6(a)).

### 4. Application

The first issue is which CBA applies to this dispute. Overaa contends that the 2022–2027 Laborers' Master Builders Agreement (2022–2027 CBA) between the Construction Employers' Association (of which Overaa is a member) and the Northern District Council of Laborers (of which the plaintiff is a member) governs the plaintiff's claims.[10] The plaintiff counters that the 2018–2023 Master Agreement (2018–2023 CBA) for Northern California Between United Contractors and Laborers applies to his claims.[11] The 2022–2027 CBA is the operative CBA.

The plaintiff contends that the 2018–2023 CBA applies for three reasons: (1) "a Union representative gave him a box containing his Union card and the 2018–2023 CBA;" (2) there was no mutual assent between the parties that the 2022–2027 CBA governed the conditions of his employment; and (3) the 2018–2023 CBA controls here because it "covered the entire length of

---

[10] Mot. – ECF No. 12 at 9.

[11] Opp'n – ECF No. 14 at 4–5.

[his] second round of employment from May 2021 to January 2023 that is the subject of the instant action against" Overaa.[12]

These arguments are unavailing. First, the plaintiff's subjective belief that the 2018–2023 applies to the conditions of his employment is not evidence. Overaa has provided evidence that it "delegated [its] bargaining authority" only to the Construction Employers' Association and not to United Contractors.[13] Second, no mutual assent was required between the parties because the plaintiff, "[a]s a union member, . . . enjoys the benefits of the union's bargaining power but he is also subject to the burdens imposed by the CBA, which limit his remedy for Labor Code violations to an arbitral forum." *Oswald*, 82 Cal. App. 5th at 944. Third, the time period during which the plaintiff worked does not control which CBA applies to the plaintiff's claims because "[a] contracting party may agree to an arbitration clause that applies retroactively to a pending lawsuit, affecting claims that arose while the plaintiff worked for the defendant but before the arbitration clause was signed, if the clause explicitly applies to all claims relating to the employment." *Id.*

Here, the plain language of the 2022–2027 CBA's grievance procedure requiring arbitration covers "[a]ll claims arising under . . . the California Labor Code . . . all derivative claims arising under the California Business and Professions Code . . . and all similar claims arising under any applicable local law." It "appl[ies] to any representative PAGA claims, class and/or individual claims that arise or are pending during the term of the parties' current [CBA], regardless of when they were filed with the court or any administrative agency."[14] The plaintiff's claims are California Labor Code, California Business and Professions Code, and PAGA claims.[15] They are pending during the 2022–2027 CBA, which remains in effect between the Construction

---

[12] Mot. – ECF No. 14 at 3–4.

[13] Suppl. Jackson Decl. – ECF No. 15-2 at 2 (¶ 4).

[14] 2022–2027 CBA, Ex. A to Jackson Decl. – ECF No. 12-2 at 26–28 (§ 9, ¶ 20).

[15] FAC, Ex. J to Notice of Removal – ECF No. 1-1 at 64–72 (¶¶ 25–62).

Employers' Association and the Northern District Council of Laborers.[16] It therefore applies to the plaintiff's claims.

The next issue is whether the 2022–2027 CBA contains a valid PAGA waiver. It does.[17] Section 2699.6 allows for PAGA waivers in CBAs if the following conditions are met: (1) the CBA must be in effect before January 1, 2025; (2) it "expressly provide[s] for the wages, hours of work, and working condition of employees," with "premium wage rates for all overtime hours worked" and "a regular hourly pay rate of not less than 30 percent more than the state minimum wage;" (3) the CBA prohibits PAGA violations and contains "grievance and binding arbitration procedure to redress" them; (4) it "[e]xpressly waives" PAGA "in clear and unambiguous terms;" and (5) the CBA "[a]uthorizes the arbitrator to award any and all remedies otherwise available" under the Labor Code. Cal. Lab. Code § 2699.6(a); *see also Oswald*, 82 Cal. App. 5th at 941.

Section 2699.6's conditions are met here. The 2022–2027 CBA is in effect prior to January 1, 2025.[18] Section 20A covers overtime rates, hours, and working conditions.[19] The regular hourly pay rates for 2022 ranged between $23.80 and $36.71, which exceeded the minimum wage of $15 by more than thirty percent.[20] During the time period at issue in this lawsuit, the plaintiff's wages were over thirty-percent higher than the minimum wage.[21] Section 9 "prohibits any and all [PAGA] violations" and requires them to "be resolved exclusively through binding arbitration." It "expressly waives the requirements of PAGA and authorizes the arbitrator to award any and all remedies otherwise available under the California Labor Code."[22]

The remaining issue is whether the plaintiff must arbitrate on an individual rather than class-wide basis. "[A] party may not be compelled under the FAA to submit to class arbitration unless

---

[16] Smith Decl. – ECF No. 12-5 at 2 (¶¶ 3–5).

[17] The plaintiff did not challenge the validity of the PAGA waiver and argued only that it was not the operative CBA.

[18] Smith Decl. – ECF No. 12-5 at 2 (¶¶ 3–5).

[19] 2022–2027 CBA, Ex. A to Jackson Decl. – ECF No. 12-2 at 36–37 (§ 20A).

[20] *Id.* at 50–61; Req. for Judicial Notice – ECF No. 12-6 at 2–3 (¶ 4).

[21] Blanc-White Decl., ECF No. 12-4 at 2 (¶ 3); Req. for Judicial Notice – ECF No. 12-6 at 2–3 (¶ 4).

[22] 2022–2027 CBA, Ex. A to Jackson Decl. – ECF No. 12-2 at 26–28 (§ 9, ¶ 20).

there is a contractual basis for concluding that the party *agreed* to do so." *Stolt-Nielson S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 684 (2010). The 2022–2027 CBA is silent as to class arbitration, which means that the plaintiff must arbitrate his claims individually.

In sum, the 2022–2027 CBA is valid and governs the plaintiff's claims. It contains a valid PAGA waiver pursuant to Section 2699.6 of the California Labor Code, which bars the plaintiff's PAGA claim. The 2022–2027 CBA is silent as to class-wide arbitration, so the plaintiff must arbitrate his wage-and-hours claims individually. The court grants Overaa's motion to compel individual arbitration and grants the motion for judgment on the PAGA claim.

## CONCLUSION

The court grants the motion to compel individual arbitration, dismisses the PAGA claim, and stays the case.[23] *Smith v. Spizziri*, 601 U.S.472, 474, 476–78 (2024) (per curiam) (requiring stay).

This resolves ECF No. 12.

**IT IS SO ORDERED.**

Dated: October 14, 2024

LAUREL BEELER
United States Magistrate Judge

---

[23] The plaintiff asked to stay the case pending arbitration. Opp'n – ECF No. 14 at 7.